**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.** |
| | ) | **3:16-cv-00083-NKM-JCH** |
| | ) | |
| COUNTY OF CULPEPER, VIRGINIA, | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————————— | ) | |

**PROPOSED STIPULATED PROTECTIVE ORDER**

This Protective Order is issued to facilitate document disclosure and production under the Local Rules and Pretrial Order of this Court and the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 5.2. In support of this Order, the Court finds that:

The United States of America and the County of Culpeper, Virginia (collectively, the "Parties") expect that discovery in this action may involve the exchange of sensitive materials, including documents that include information such as individuals' social security numbers, residential addresses, financial records, and other information of a private nature. The Parties intend that private information be kept confidential pursuant to the terms of this Stipulated Protective Order ("Protective Order"). In addition, a Protective Order is appropriate in this action to enable the United States to disclose to the Parties for purposes of this litigation information that is subject to the provisions of the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act"). Information subject to this Protective Order shall not be distributed or otherwise

1

disclosed except as provided herein. To protect the respective interests of the Parties and to facilitate the progress of disclosure and discovery in this case, it is hereby ordered that:

## I.  Scope of this Protective Order

1.  For purposes of this Protective Order, the term:

"Confidential Material" is defined as information that the producing Party designates in good faith should be protected from disclosure and use outside the litigation because the disclosure or use of such information is restricted by statute or otherwise creates a privacy or security concern to the interests of the Parties and/or nonparties.  Confidential Material refers to any record, document, tangible thing, testimony, information, or other material disclosed, or to be disclosed, through formal or informal discovery or otherwise in the course of this litigation, that contains:  personal data identifiers as listed in this Court's local rules, general orders, or the Federal Rules of Civil Procedure; personal email addresses; birth dates; social security numbers; tax payer identification numbers; income tax returns; profit and loss statements and other corporate financial records; medical information; psychological information; criminal records; residential addresses; identities of minor children; and the current home or cellular telephone number(s) of any Party, witness, or potential witness in this action.  The Parties may consult on additional categories to be included in "Confidential Material" and move the Court for inclusion of additional categories of confidential material if there is no agreement by the Parties. Confidential Material shall not include advertising materials, or materials that on their face show that they have been deliberately published by the individuals who are the subject of the material to the general public.

2

2.  This Protective Order does not constitute a ruling on the question of whether any particular document or category of information is properly discoverable, relevant, or admissible, or on any potential objection to the discoverability, relevance, or admissibility of any record.

## II.  Designation of Confidential Material

3.  The Parties shall mark Confidential Material that identifies specific individuals as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."[1]  For any Confidential Material, such as computer data, the medium of which makes such stamping impracticable, the Party shall notify the opposing party by accompanying cover letter, email, or marking the diskette case with "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."   Initial Disclosures, answers to interrogatories and other responses to discovery requests, if any, that contain protected information shall be marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," and shall be subject to the limitations on the use of Confidential Material as set forth herein.

4.  Inadvertent failure to designate any document or material as containing Confidential Material will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Protective Order, so long as a claim of confidentiality is asserted within a reasonable time after discovery of the inadvertent failure.

5.  Any Confidential Material produced by the Parties that is designated as Confidential Material shall be used only for purposes of litigating this action, including any subsequent appeals. The defendant, private plaintiff, and their representatives shall not disclose Confidential Material or any portion thereof to any person or entity not identified in paragraph 6, below.

---

[1] The following documents that were previously produced by the County and labeled as "Confidential" are subject to this Protective Order:  CC 6675 - 6768.

3

6. Except as provided in this Protective Order or otherwise ordered by this Court, any Confidential Material that is marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" may be disclosed only to the following persons:

(a) the Court and officers of the Court;

(b) counsel for the United States, including Department of Justice (DOJ) attorneys, paralegals, administrative staff, and other DOJ employees or contractors;

(c) counsel for Defendant, including attorneys, paralegals, administrative staff, or contractors employed or contracted by the Office of the Culpeper County Attorney or Greehan, Taves & Pandak PLLC;

(d) persons retained by the Parties or their counsel to assist in discovery, preparation for any hearing, or to serve as expert witnesses, provided that such disclosure is reasonably calculated to aid in litigating this action;

(e) persons with factual knowledge relating to this action who may testify as witnesses at any hearing, including complainants, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this action;

(f) any deponent in this action during his or her deposition and preparation therefor provided such disclosure is reasonably and in good faith calculated to aid in litigating this action; and

(g) court reporters and videographers privately-retained to take depositions, under the terms and limitations specified in this Protective Order.

7. The Parties must make reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Material pursuant to the terms of this Protective Order. All individuals to whom Confidential Material is disclosed shall be

4

informed of and shall agree to the terms of this Protective Order prior to receiving access to any confidential material.  Such individuals shall not disclose information subject to this Protective Order to the public or to any person or entity except as provided in this Order. With the exception of counsel for the United States and counsel for the County, all individuals to whom Confidential Material will be disclosed shall acknowledge their agreement to comply with the provisions of this Protective Order by signing a copy of the Acknowledgment of Stipulation and Protective Order ("Acknowledgment"), included herein as Attachment A,  prior to receiving access to Confidential Material.  Counsel will retain copies of the executed Acknowledgement forms and shall retain the original acknowledgment forms until such time as this litigation, including all appeals, is concluded.

8.  If any Party or its attorney wishes to disclose Confidential Material subject to this Protective Order to any person other than those indicated in paragraph 6, above, the attorneys must obtain the producing Party's written consent in advance of such disclosure.  If the producing Party does not consent to the proposed disclosure, then the attorneys may, on motion after conferring with opposing counsel, seek modification of this Protective Order from the Court.

9.  Any summary or copy of Confidential Material shall be subject to the terms of this Protective Order to the same extent as the information from which such summary or copy is made.

10. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within 10 days of receiving the deposition transcript.  Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

5

11.  In the event a Party seeks to file any document containing Confidential Material subject to protection under this Protective Order with the court, that party must take appropriate action to ensure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the Party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; and/or (c)  seeking permission to file the document under seal in accordance with W.D. Va. Gen. R. 9.

12.  In no circumstance will this Protective Order restrict the Court from using Confidential Material.

13. Nothing in this Protective Order will be construed to affect the use of any document, material, or information at any trial or hearing.  A Party that intends to present, or anticipates that another Party may present, Confidential Material at a hearing or trial must bring that issue to the attention of the Court and the other Parties without disclosing the Confidential Material except as allowed under this Order.  The Court may thereafter make such orders as are necessary to govern the use of such information at the hearing or trial.

14.  Each Party reserves the right to move to modify the terms of this Protective Order and to oppose any motion to modify the terms of this Protective Order, including to modify the definition of Confidential Material, provided that counsel must confer in advance of filing such motion.

15.  Nothing in this Protective Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

16. Upon the conclusion of this action, including any subsequent appeals, the defendant, private plaintiff, and other receiving individuals shall redact, destroy, or obliterate all Confidential Material, including all copies thereof, produced or created in connection with this action. Within sixty (60) days of the conclusion of this action and any subsequent appeals, counsel or other persons receiving Confidential Material protected under this Protective Order must certify in writing to the Parties' counsel that all protected materials, and all copies thereof, have been redacted, destroyed, or obliterated. Within thirty (30) days of the conclusion of this action, and any subsequent appeals, counsel or other persons receiving Confidential Material must also certify in writing that any documents they have created that contain Confidential Material have been redacted, destroyed, or obliterated provided, however, that no Party is required to redact, destroy, or obliterate any document or copy thereof that has been filed with this Court or with a court of appeals of competent jurisdiction in connection with this action, except to the same degree as the Court(s) required before filing.

17. Nothing herein shall affect the ability of counsel for any Party to use Confidential Material to locate, contact, depose, or interview potential witnesses in this matter. Nothing in this Protective Order limits the ability of any Party to appropriately object to attempts to locate, contact, depose, or interview potential witnesses in this matter.

18. Inadvertent or unintentional production of documents or information containing Confidential Material that is not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment, as long as the party that made the inadvertent disclosure asserted a claim of confidentiality in relation to the material within a reasonable time after the discovery of the inadvertent disclosure.

7

19.  Parties receiving Confidential Material shall not under any circumstances sell, offer for sale, advertise, or publicize Confidential Material or any information contained therein.

20. After termination of this litigation, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Confidential Material for enforcement of the provisions of this Order following termination of this litigation.

21.  This Protective Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

## IV.  Unauthorized Disclosure

22.  The United States Department of Justice nor any of its officers, employees, or attorneys, shall bear any responsibility or liability for any unauthorized disclosure by counsel or the Parties of any information covered under this Protective Order.

23.  Neither the Culpeper County Attorney's Office nor Greehan, Taves & Pandak PLLC, nor any of its officers, employees or attorneys, shall bear any responsibility or liability for any unauthorized disclosure by counsel or the Parties of any information covered under this Protective Order.

IT IS SO ORDERED this _____ day of _____, 2017

_____
JOEL C. HOPPE
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### ACKNOWLEDGMENT OF
### STIPULATION AND PROTECTIVE ORDER


       I have read and understand the Stipulated Protective Order ("the Order") entered in this action, and hereby agree to be bound by the terms thereof. I confirm that my duties under this Acknowledgment shall survive the termination of this action and are binding upon me for all time. I consent to the personal jurisdiction of the United States District Court for the Western District of Virginia in the above-captioned action for the purpose of enforcing the aforementioned Order.

 

_____

[signature]


_____

[print name]


_____

[print address]

<div align="center">9</div>

Dated: August 1, 2017

<div style="margin-left: 50%;">

s/*Onjil McEachin*
SAMEENA SHINA MAJEED
Chief
CATHERINE A. BENDOR
Deputy Chief
ERIC W. TREENE
Special Counsel
ONJIL McEACHIN
BETH PEPPER
KATHARINE F. TOWT
Trial Attorneys
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Northwestern Building, 7th Floor
Washington, D.C. 20530
Telephone: (202)352-4136
Email: Onjil.McEachin@usadoj.gov
*Attorneys for the United States*


s/Bobbi Jo Alexis
Bobbi Jo Alexis
Virginia State Bar Number 67902
County Attorney for Culpeper County
306 N. Main Street
Culpeper, Virginia 22701
Telephone: (540)727-2407
Facsimile: (540)727-3462
Email: bjalexis@culpepercounty.gov

s/Sharon Pandak
Sharon E. Pandak
Virginia State Bar Number 17846
Michael Connolly
Virginia State Bar Number 89086
Attorney for Defendant
Greehan, Taves & Pandak PLLC
4004 Genesee Place, Suite 201
Woodbridge, Virginia 22192

</div>

10

Telephone: (703)680-5543
Facsimile: (703)680-5549
Email: spandak@gtpslaw.com
Email: mconnolly@gtpslaw.com
*Attorneys for Defendant*

11

<div align="center">**CERTIFICATE OF SERVICE**</div>

        I certify that on August 1, 2017, I electronically filed the foregoing document entitled **Proposed Stipulated Protective Order** with the Clerk of the Court using the CM/ECF filing system which will send notification to the following:

Bobbi Jo Alexis
County Attorney for Culpeper County
306 N. Main Street
Culpeper, Virginia  22701
Phone:  (540) 727-3407
Email:  bjalexis@culpepercounty.gov

*and*

Sharon E, Pandak
Michael J. Connolly
Greenham, Taves & Pandak PLLC
4004 Genesee Place, Suite 201
Woodbridge, Virginia  22192
Phone:  (703) 680-5543
Email:  spandak@gtpslaw.com
Email:  mconnolly@gtpslaw.com

                                      *s/ Onjil McEachin*
                                      Onjil McEachin
                                      Counsel for Plaintiff